UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARK P. WILSON, | DOCKET NUMBER |
| Appellant, | DC-0752-24-0372-I-1 |
| v. | |
| NATIONAL SCIENCE FOUNDATION, | DATE: April 23, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark P. Wilson, Alexandria, Virginia, pro se.

Sherrie Abramowitz, Esquire, Alexandria, Virginia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his constructive removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish Board jurisdiction over a constructive adverse action claim, the appellant must show (1) that he lacked a meaningful choice in the matter and (2) it was the agency's wrongful actions that deprived him of that choice. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). If the appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016).

On review, the appellant asserts that the administrative judge erred by mischaracterizing the relationship with his supervisor and by failing to acknowledge that the agency purportedly failed to investigate his allegations of harassment in violation of its policy. Petition for Review (PFR) File, Tab 1 at 4-7. The appellant also asserts that the administrative judge mischaracterized his attempts to find other work prior to his resignation. *Id.* at 7-8.

As to the appellant's first point, he asserts that the administrative judge downplayed his supervisor's discriminatory and retaliatory behavior.[2] *Id.* at 4-5. He emphasizes that his supervisor issued him an unjustified performance evaluation, without justification and despite positive feedback throughout the rating cycle, that was one level lower than his prior evaluations. *Id.* He asserts that his supervisor made remarks indicating that he would subject the appellant to unwarranted future discipline.[3] *Id.* at 7. The appellant also cites an affidavit prepared by his supervisor, after the appellant's resignation and in connection with his equal employment opportunity (EEO) complaint, in which he asserts that his supervisor used "vitriolic language" to describe him, including false allegations that the appellant had lied. Initial Appeal File (IAF), Tab 9 at 6; PFR File, Tab 1 at 5. Even assuming all of these allegations are true, however, the appellant has not nonfrivolously alleged that he had no choice but to resign. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (stating that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign). The appellant could have filed a formal grievance concerning his performance evaluation, but he has not alleged that he did so. IAF, Tab 7 at 195-98; *see Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (holding that the appellant failed to establish jurisdiction over a constructive removal claim, in part, because the appellant had the option to challenge the alleged discriminatory conduct through the appropriate channels, such as filing an EEO complaint, rather than resigning). Further, our

---

[2] When discrimination or retaliation is alleged in connection with a determination of involuntariness, evidence of discrimination or retaliation may only be addressed insofar as it relates to the issue of voluntariness and not whether such evidence meets the test for proof of discrimination and reprisal under Title VII. *Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996).

[3] Although the appellant asserts that his supervisor contemplated issuing a letter of reprimand, he has not alleged that the reprimand was issued before he resigned. Initial Appeal File, Tab 9 at 23-24.

case law has made clear that a concern about the possibility of future discipline does not rebut the presumed voluntariness of an individual's choice to resign. *See Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008) (observing that the fact that the employee is faced with the unpleasant choice of either resigning or opposing a potential adverse action does not rebut the presumed voluntariness of his resignation).

We next discuss the appellant's assertions regarding the agency's lack of investigation into his complaints. PFR File, Tab 1 at 6-8. The appellant asserts that, in May 2023, he initiated an EEO complaint and, separately, he reported his supervisor's alleged harassment to his second-level supervisor pursuant to the agency's workplace harassment policy. IAF, Tab 9 at 13, 29-32. He alleges that the agency violated its policy by failing to investigate his claims, and that he was dissatisfied with the resolutions that were offered. IAF, Tab 9 at 32; PFR File, Tab 1 at 6-7. He retired 2 months later, prior to the conclusion of the EEO process. IAF, Tab 7 at 5-11, Tab 9 at 13. Even assuming the agency did not investigate his complaint in compliance with its workplace harassment policy, we find that the appellant has not nonfrivolously alleged that he had no option but to resign 2 months later. Rather, he could have awaited the conclusion of the EEO process or filed a grievance under applicable agency procedures. IAF, Tab 7 at 5-11; *see Axsom*, 110 M.S.P.R. 605, ¶ 17. The appellant has not alleged that those processes would have been futile. *See Axsom*, 110 M.S.P.R. 605, ¶ 17; *cf. Heining v. General Services Administration*, 68 M.S.P.R. 513, 522-23 (1995) (finding that the appellant proved a constructive removal when, among other things, she proved that the agency ignored her formal complaint of whistleblowing and her many grievances were ignored or investigated in an unfair and meaningless manner).

Finally, we have considered the appellant's objections to the administrative judge's characterization of his attempts to find other work prior to his resignation. PFR File, Tab 1 at 7-8. Even without considering these facts, we

find that the appellant has not otherwise presented sufficient facts to nonfrivolously allege that he lacked a meaningful choice in his retirement. For these reasons, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.